52 F.3d 320
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Adam Troy CHEATHAM, Plaintiff-Appellant,
v.
John M. WILLIAMS, former Assistant Superintendent/Programs
Hoke Correctional Institution, individually and in his
official capacity; G. Wayne Spears, former Superintendent
for Hoke Correctional Institute, individually and in his
former official capacity; Aaron Johnson, former Secretary
of the Department of Correction, individually and in his
former official capacity; Franklin E. Freeman, Jr.,
Secretary of Department of Correction in his official
capacity, Defendants-Appellees.
 No. 94-2605.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 31, 1995
Decided April 18, 1995
 
 IN PART, VACATED IN PART, AND REMANDED.
 Adam Troy Cheatham, Appellant Pro Se. Valerie L. Bateman, assistant attorney General, Raleigh, NC, for appellees.
 Before MICHAEL and MOTZ, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Adam Troy Cheatham appeals from district court orders dismissing some of his claims and granting summary judgment in favor of Defendants with regard to the remaining claims. We affirm in part, vacate in part, and remand.
 
 
 2
 With regard to all of Cheatham's claims other than his due process claim of wrongful termination, we affirm substantially on the reasoning of the district court.[1] Cheatham v. Williams, No. CA-93-235-5-D (E.D.N.C. Jan. 14 & Nov. 17, 1994). With regard to Cheatham's claim that he was denied due process during his termination, we vacate the district court's dismissal of this claim and remand for further proceedings.
 
 
 3
 Cheatham claimed that he was fired without being given due process. The district court held that Cheatham's use of the post-firing grievance process and the availability of state actions for wrongful termination were sufficient to protect his rights. Thus, the district court held, Cheatham failed to state a due process claim. However, a predeprivation hearing is required prior to depriving an individual of a property right in his job.[2] Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985); see also Zinermon v. Burch, 494 U.S. 113 (1990); Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (1982) (citing Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972)). The record does not reveal any such hearing in the present case. Thus, Cheatham's complaint appears to have stated a cause of action. We express no opinion on the ultimate merits of the claim but remand this issue for further proceeding.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 We affirm the order with respect to Cheatham's claim of wrongful termination due to a Fourth Amendment violation on the ground of qualified immunity. Qualified immunity applies to the Fourth Amendment claim for the same reasons stated by the district court with regard to Cheatham's claim regarding wrongful firing due to a Fifth Amendment violation. See Wiley v. Doory, 14 F.3d 1993 (4th Cir.1994)
 
 
 [2]
 The district court assumed, arguendo, that Cheatham had a property interest in his job with the North Carolina Department of Corrections. On the record before us, we find no error in that assumption. See N.C. Gen.Stat. Sec. 126-1A (1993)